**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PAUL and JOYLETTE DANIELS,**

               Plaintiffs,

     v.

**UNITED STATES OF AMERICA,**

               Defendant.

CIVIL ACTION

NO.

## COMPLAINT

**I.**   **PARTIES**

1. Plaintiff, Paul Daniels, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 217 North Hobart Street, Philadelphia, Pennsylvania 19139.

2. Mr. Daniels was and is a veteran who was honorably discharged from the United States Airforce.

3. Plaintiff, Joylette Daniels, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 217 North Hobart Street, Philadelphia, Pennsylvania 19139.

4. At all relevant and material times, Paul and Joylette Daniels were and are husband and wife.

5. Defendant is the United States of America.

6. The United States of America acted by and through one of its agencies, the Department of Veterans Affairs, which was owned, operated, controlled and had the right to control health care facilities known as the Corporal Michael J. Crescenz VA Medical Center, also commonly known as the Philadelphia VA Hospital, located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104.

7.   At all relevant and material times, the Department of Veterans Affairs acted by and through its officers, agents, employees, representatives, doctors, nurses, fellows, residents, students, technicians and representatives who were all acting within the course and scope of their agency and were controlled by and/or subject to the right of control of the Department of Veterans Affairs, subjecting it to vicarious and/or ostensible liability.

8.   Plaintiffs are alleging a professional liability action against the United States of America.

9.   A Certificate of Merit applicable to the United States of America is attached as Exhibit A.

II.   **VENUE AND JURISDICTION**

10.   This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1346.

11.   Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(e) because the United States of America is the Defendant and Plaintiffs, Paul and Joylette Daniels, reside in this District. Additionally, a substantial part of the events or omissions giving rise to the claim occurred in this District.

12.   Pursuant to 28 U.S.C. § 2675(a), on March 1, 2019, the Veterans Administration received the Daniels' tort claims notice, and on April 1, 2019, the Veterans Administration acknowledged receipt. [A copy of the Veterans Administration's acknowledgment is attached as Exhibit B]. More than six (6) months have passed, and the Veterans Administration has not taken action.

III.  **THE FACTS**

13.  In September 2013, Mr. Daniels transferred his primary care to the Philadelphia VA Hospital.

14.  At that time, the Philadelphia VA Hospital recorded that Mr. Daniels had a family history of, *inter alia*, a father who died of an unspecified abdominal cancer and brother who died of lung cancer.

15.  On February 21, 2017, Mr. Daniels wrote to part of his care team at the Philadelphia VA Hospital noting that he scheduled an appointment due to current rapid weight loss.

16.  On February 27, 2017, Mr. Daniels arrived for his scheduled appointment at the Philadelphia VA Hospital complaining of an unintentional weight loss of 20 pounds in the last year.

17.  The Philadelphia VA Hospital ordered a CT exam of Mr. Daniels' chest, abdomen and pelvis,

18.  On March 7, 2017, the Philadelphia VA Hospital noted among various findings from his chest CT that Mr. Daniels had "several clustered pulmonary nodules in the inferior right upper lobe of his lung.

19.  A follow-up CT on June 1, 2017 was interpreted by the Philadelphia VA Hospital as an "[i]nterval improvement in right upper lobe pulmonary nodules, suggesting benign inflammatory etiology."

20.  On June 2, 2017, the Philadelphia VA Hospital emailed Mr. Daniels advising him that the nodules seen on his prior CT had decreased in size, and they likely reflected inflammation, "not cancer."

21. On September 26, 2017, Mr. Daniels returned to the Philadelphia VA Hospital with cardiac complaints.

22. As part of his evaluation, a Chest CT Angiogram was performed on September 27, 2017.

23. Apparent on the September 27, 2017 study is the pulmonary nodule seen and reported earlier as well as a new large mass in the right hilum – **that was never identified by the radiologist or reported to Mr. Daniel's treating physicians**.

24. In August 2018, Mr. Daniels returned to the Philadelphia VA Hospital for a follow up at which time his primary care team ordered a follow-up on the pulmonary nodule first identified in March 2017.

25. Mr. Daniels' treating physicians were still not aware of the second, large mass in the right hilum that was not reported out and addressed in September 2017.

26. On September 26, 2018, the Philadelphia VA Hospital performed another chest CT Angiogram.

27. This time, the Philadelphia VA Hospital not only reported large mass in the right hilum, but went back and reviewed the September 27, 2017 radiology images and now reported that the hilar mass was visible in 2017 and that it had undergone an "interval increase in size."

28. Mr. Daniels was called to a meeting with John Kelly, M.D., Chief of Staff, and an individual that introduced themselves as a representative of Risk Management of the Philadelphia VA Hospital. They advised Mr. Daniels that the tumor that was just diagnosed was identified by the Philadelphia VA Hospital on imaging much earlier and not reported out when it could have been treated with simpler, safer methods and before it became more lethal.

4

29. Since that time, Mr. Daniels has been diagnosed with, *inter alia*, squamous cell carcinoma of the right lung that spread to at least one regional lymph node and a malignant neoplasm of the larynx.

30. Mr. Daniels has undergone multiple treatments including invasive surgical procedures, chemotherapy and radiation, all of which have ravaged his body and emotional well-being.

**V.    THE CLAIMS**

**PAUL DANIELS vs. UNITED STATES OF AMERICA
NEGLIGENCE**

31.  Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

32. Defendant, the United States of America was negligent and/or careless in:

    a.  Failing to properly interpret Mr. Daniels' radiology studies;

    b.  Failing to properly report the findings visible in the radiology studies;

    c.  Failing to timely diagnose Mr. Daniels' cancer;

    d.  Failing to properly diagnose Mr. Daniels' cancer;

    e.  Failing to appropriately manage Mr. Daniels' cancer;

    f.  Failing to appropriately evaluate and monitor Mr. Daniels' condition;

    g.  Failing to appreciate the significance of the ominous findings in Mr. Daniels' chest;

    h.  Failing to timely determine the source of the ominous findings in Mr. Daniels' chest CT;

    i.  Failing to timely determine the pathological identity of the ominous findings in Mr. Daniels' chest CT;

    j.  Knowing the risks of serious conditions associated with ominous findings in Mr. Daniels' chest CT and failing to communicate those risks to Mr. Daniels;

    k.  Failing to perform the necessary diagnostic tests following the ominous findings on Mr. Daniels' chest CT;

    l.  Failing to take proper cognizance of the severity of Mr. Daniels' condition;

    m.  Failing to protect Mr. Daniels from further harm;

    n.  Failing to timely advise Mr. Daniels of his diagnostic options;

    o.  Failing to timely advise Mr. Daniels of his treatment options;

    p.  Needlessly endangering Mr. Daniels;

    q.  Increasing the risk of harm to Mr. Daniels; and

    r.  Otherwise failing to exercise due care under the circumstances.

33.  As a proximate result of the negligence and/or carelessness set forth above, Mr. Daniels was caused to suffer injuries, losses and damages including:

    a.  The preventable spread of his cancer;

    b.  Increased risk of more serious physical harm;

    c.  Increased risk of death;

    d.  More extensive treatment than would have been required had the September 26, 2017 chest CT been accurately interpreted and reported;

    e.  Past and future pain and suffering;

    f.  Past and future mental anguish;

    g.  Past and future multiple invasive medical procedures;

    h.  Past and future loss of future earnings and/or earnings capacity;

    i.  Past and future loss of life's pleasures;

    j.  Past and future humiliation;

    k.  Past and future embarrassment;

    l.  Past and future disfigurement;

    m.  Past and future emotional and psychological trauma;

    n.  Past and future medical expenses; and

    o.  Other injuries the full extent of which are not presently known.

34. As a proximate result of the vicarious and/or ostensible failures to act and/or negligent delays in taking indicated diagnostic and/or therapeutic steps, Mr. Daniels was caused to suffer the injuries and losses set forth above.

35. Because Defendant had a significant possibility of avoiding injuries to Mr. Daniels and Defendant destroyed that possibility, Defendant is liable for the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Paul Daniels demands judgment against Defendant, the United States of America, for damages in excess of this Court's jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

## PAUL DANIELS vs. UNITED STATES OF AMERICA
## CORPORATE NEGLIGENCE

36. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

37. The Philadelphia VA Hospial acted by and through its agents, servants, employees and/or ostensible agents.

38. The corporate negligence of the Philadelphia VA Hospital consists of the following:

    a.  Failing to select and retain competent physicians;

    b.  Failing to provide appropriate and adequate supervision of all those who practice medicine within its walls;

    c.  Failing to have and enforce appropriate policies and procedures relating to:

i. The rules, regulations and procedures mandated by the laws of the Commonwealth of Pennsylvania and the standards promulgated by national standards organizations including without limitation the Joint Commission and the American Hospital Association that reflect, either in whole or in part, the standards of care for creating, implementing and enforcing policies and procedures relating to the interpretation and handling of Mr. Daniels' ominous chest CT results;

ii. Failing to have proper rules, regulations, controls, and protocols in place which are medically relevant to ensure that a patient such as Mr. Daniels' would be properly diagnosed, treated and informed by the Hospital's medical and professional staff;

iii. Failing to furnish, maintain and have available all customary and necessary equipment, facilities, and staff necessary to perform the required diagnostic tests and treatments;

iv. Failing to properly select, retain, and monitor the competency of the medical staff and employees and house physicians;

v. Failing to ensure that such employees and physicians were not given responsibility which exceeded the level of training and skill reasonably to be expected of one still learning his or her specialty and/or which exceeded the level of training and skill reasonably to be expected by one practicing in his or her area of specialization;

      vi.  Failing to create and implement patient safety protocols to ensure that patients with ominous chest CT results were properly evaluated, treated and informed; and

      vii.  Failing to create and implement patient safety protocols to ensure that patients with ominous chest CT results were properly sent for the necessary additional diagnostic evaluation.

39. As a proximate result of the vicarious and/or ostensible failures to act and/or negligent delays in taking indicated diagnostic and/or therapeutic steps, Mr. Daniels was caused to suffer the injuries and losses set forth above.

40. Because Defendant had a significant possibility of avoiding injuries to Mr. Daniels and Defendant destroyed that possibility, Defendant is liable for the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Paul Daniels demands judgment against Defendant, the United States of America, for damages in excess of this Court's jurisdictional limit for arbitration, together with such interest, costs and such other relief this Court deems just and proper.

<u>**JOYLETTE DANIELS vs. UNITED STATES OF AMERICA**</u>
<u>**LOSS OF CONSORTIUM**</u>

41. Plaintiff incorporates by reference the preceding allegations as though they were fully set forth at length herein.

42. At all times relevant and material hereto, Mrs. Daniels was, and is, the wife of Mr. Daniels.

43. As a result of the negligent, careless and negligent omissions of the Defendant, Mrs. Daniels has been deprived of the support, society, services, companionship and consortium of her husband, Mr. Daniels, for which she demands compensation.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A.  Judgment against Defendant on all causes of action;

B.  An award of actual damages;

C.  An award of pre-judgment and post-judgment interest as allowed by law;

D.  For costs of suit incurred herein; and

E.  For such other and further relief as this Court may deem just and proper.


**THE WEITZ FIRM, LLC**


Dated: August 11, 2020                    By:   *s/ Eric H. Weitz, Esquire*
                                          **Eric H. Weitz, Esquire (PA 65514)**
                                          **Max S. Morgan, Esquire (PA 316096)**
                                          Counsel for Plaintiffs

                                          1528 Walnut Street, 4th Floor
                                          Philadelphia, PA  19106
                                          267-587-6240
                                          eric.weitz@theweitzfirm.com
                                          max.morgan@theweitzfirm.com